UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-20642

ELEUTERIO A. BENJAMIN,
LUIS ALONSO, and
All Others Similarly Situated,

    Plaintiffs,

vs.

VHU EXPRESS, INC.,
LISA D. BYTHEWOOD, and
CRAIG BYTHEWOOD,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Euleterio A. Benjamin and Luis Alonso, bring this action on behalf of themselves and a class of others similarly situated to require Defendants, VHU Express, Inc., Lisa D. Bythewood and Craig Bythewood, as follows:

*Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Eleuterio A. Benjamin**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who consents to participate in this lawsuit. [DE 1-1.]

    2.    **Plaintiff, Luis Alonso**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who consents to participate in this lawsuit. [DE 1-2.]

    3.    **Defendant, VHU Express, Inc.**, is a Florida for-profit that conducts its for-profit logistics business in Florida and in other States, and it is *sui juris*. VHU hired Plaintiffs and other

1

drivers here in Miami-Dade County, their wages were owed in Miami-Dade County, and all other actions pertinent to this case occurred here, in Miami-Dade County.

4. Defendant, VHU Express, Inc., is a subsidiary of Vertical Holdings Unlimited, LLC. VHU Express, Inc. and Vertical Holdings Unlimited, Inc., share at least one common officer, and perform related trucking/delivery activities.

5. **Defendant, Lisa D. Bythewood**, was and is an owner and operator of VHU for the relevant time period. She ran the day-to-day operations of VHU and was responsible for paying wages to Plaintiffs and to the other drivers.

6. **Defendant, Craig Bythewood**, was and is an owner and operator of VHU for the relevant time period. He ran the day-to-day operations of VHU and was responsible for paying wages to Plaintiffs and to the other drivers.

7. Defendants were Plaintiffs' direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiffs.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, maintain several offices in this District, employed the Plaintiffs and other drivers in this District, and because most of the actions complained of occurred within this District.

### *Background Facts*

9. Defendants have been at all times material engaged in interstate commerce in the course of their performing "last mile" local delivery of merchandise that arrived from locations outside of the State of Florida for online transactions completed through Amazon.com to locations within South Florida.

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

10. Defendants engage in interstate commerce in the course of their use of motor vehicles that were manufactured and/or assembled outside of the State of Florida and maintained with materials and supplies from outside of the State of Florida while performing "last mile" local delivery of packages originating from retailers outside of the State of Florida on behalf of Amazon.com, a foreign corporation. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

11. Defendants own and operate a logistics company that operates throughout Florida and utilize cars, vans, computers, telephones, phone systems, handheld devices, and other materials and supplies to engage in interstate commerce.

12. Plaintiffs were but two of a much larger class of more than 50 people tasked with performing "last mile" local deliveries of packages in South Florida. "Last Mile" local delivery involves the transportation of a package from one of the several Amazon.com warehouses located in Florida to the package's ultimate destination.

13. Defendants maintain multiple warehouses through Florida, including in Tampa, Miami-Dade, and in Broward Counties.

14. Defendants boast on their website as follows:

> VHU Express is a US based supplier of transport and logistics solutions. We have offices in many states and a large network of partners and agents, making us a truly national player that offers services countrywide.

http://vhuexpress.com/company/about-us/

15. That same web page continues to represent that Defendants have seven (7) locations across the United States and have 243 employees, as of today.

16. Plaintiff, Eleuterio A. Benjamin, worked for Defendants from November 2015 to February 4, 2016 as a local delivery driver.

3

17. Plaintiff, Luis Alonso, worked for Defendants from December 10, 2015 to February 3, 2016 as a local delivery driver.

18. Plaintiffs transported merchandise designated by and for Defendants that originated from locations outside of the State of Florida for local deliveries in vehicles weighing less than 10,000lbs.

19. Plaintiffs also would routinely sending tracking information electronically outside of the State of Florida back to Amazon.com using a wireless handheld device, such that he regularly and routinely engaged in interstate commerce. To the extent that records exist regarding the exact dates of Plaintiffs' employment exist, such records are in the exclusive custody of Defendants.

20. Plaintiffs' work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for Defendants.

21. Plaintiffs performed the same type of work under the same procedures, rules, and regulations, as a class Defendants' other similarly situated delivery driver-employees.

22. Defendants agreed to pay Plaintiffs and the other similarly situated current and former employees of Defendants an hourly rate of pay.

23. Defendants would automatically deduct one hour of pay from Plaintiffs' and their other similarly situated drivers' pay for one or more automatic meal break(s), although Plaintiffs and Defendants' other drivers did not actually take these breaks.

24. Defendants also would automatically deduct another hour from Plaintiffs' and their other drivers' pay, but for reasons unexplained.

4

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

25. Lastly, Defendants would only pay Plaintiffs and their other similarly situated drivers once they arrived at the Amazon.com warehouse, but failed and refused pay for the time it took to transport the vehicles that Defendants required that Plaintiffs utilize from the centralized depot to the Amazon.com warehouse(s).

26. The class of similarly "last mile" local delivery drivers employed by Defendants who may become Plaintiffs in this action are current and former employed local delivery drivers of Defendants who are and who were subject to the payroll practices and procedures of Defendants

27. The class of similarly "last mile" local delivery drivers employed by Defendants are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiffs.

28. Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

Plaintiffs reincorporate and re-allege all preceding paragraphs as though set forth fully herein and further allege as follows:

29. The federal minimum wage was set at $7.25 per hour at all times material to this action.

30. Defendants did not ensure that Plaintiffs and/or the class of similarly situated local delivery drivers received at least a minimum wage for all hours worked by failing to pay them *at all* for several weeks of work.

31. Defendants engaged in a practice of willfully and intentionally refusing to pay Plaintiffs and the class of similarly situated local delivery drivers even a minimum wage for all

5

of the hours that they worked during the relevant time period by not paying them *at all* for several weeks of work.

32. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiffs and their other similarly situated local delivery drivers a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

33. There purported collective includes the local delivery drivers who worked for Defendants during the past three years, who were not paid their minimum wages for several weeks, and who were subject to the same pay practices as the Plaintiffs.

34. The similarly situated employees are known to Defendants, readily identifiable, and can be located through Defendants' records.

35. Notice should be sent to the collective pursuant to 29 U.S.C. §216(b).

36. Plaintiffs and the class of their other similarly situated local delivery drivers are entitled to a back pay award of minimum wages for all unpaid hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiffs, Euleterio A. Benjamin and Luis Alonso, on behalf of themselves and others similarly situated, demands the entry of a judgment against Defendants, VHU Express, Inc., Lisa D. Bythewood and Craig Bythewood, jointly and severally, after trial by jury and as follows:

   a. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b) for all similarly situated employees who elect to join these proceedings at the earliest opportunity so that Plaintiffs can send notice to all similarly situated

6

employees of Defendants who worked as local delivery drivers during the past three years;

b. That the named Plaintiffs and all class members who opt in recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

c. That Plaintiffs and the class recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendants be Ordered to make the Plaintiffs and all class members who opt in whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. All interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

### **COUNT II – FLSA OVERTIME WAGE VIOLATION**

Plaintiffs reincorporate and re-allege paragraphs 1 through 28 as though set forth fully herein and further allege as follows:

37. Defendants failed and refused to pay Plaintiffs and the class of their other similarly situated local delivery drivers overtime wages calculated at time and one-half of his/their regular hourly rate (of at least a minimum wage) for all hours worked over 40 hours in a given workweek.

38. Defendants engaged in a practice of willfully and intentionally refusing to pay Plaintiffs and the class of their other similarly situated local delivery drivers wages at a rate of

7

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

time and one-half times their regular rate of pay (of at least a minimum wage and at least a Living Wage) for each of the overtime hours he worked during the relevant time period.

39. Defendants either recklessly failed to investigate whether their failure to pay Plaintiffs and the class of their other similarly situated local delivery drivers an overtime wage (of the higher of their agreed-upon wage or the minimum wage) for the hours they worked during the past three years violated the Federal Wage Laws of the United States, they intentionally misled Plaintiffs and the class of their other similarly situated local delivery drivers to believe that Defendants were not required to pay them overtime for all time worked, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiffs and the class of their other similarly situated local delivery drivers the overtime pay they earned.

40. There purported collective includes the local delivery drivers who worked for Defendants during the past three years, who were not paid their overtime wages, and who were subject to the same pay practices as the Plaintiffs.

41. The similarly situated employees are known to Defendants, readily identifiable, and can be located through Defendants' records.

42. Notice should be sent to the collective pursuant to 29 U.S.C. §216(b).

43. Plaintiffs and the class of their other similarly situated local delivery drivers are entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiffs, Euleterio A. Benjamin and Luis Alonso, on behalf of themselves and others similarly situated, demand the entry of a judgment against Defendants, VHU Express, Inc., Lisa D. Bythewood and Craig Bythewood, jointly and severally, after trial by jury and as follows:

8

a. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b) for all similarly situated employees who elect to join these proceedings at the earliest opportunity so that Plaintiffs can send notice to all similarly situated employees of Defendants who worked as local delivery drivers during the past three years;

b. That the named Plaintiffs and all class members who opt in recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

c. That Plaintiffs and the class recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendants be Ordered to make the Plaintiffs and all class members who opt in whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. All interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

9

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all issues so triable.

Dated this 23rd day of February, 2016.

                    Respectfully Submitted,

                    FAIRLAW FIRM
*Counsel for Plaintiff*
8603 S. Dixie Highway
Suite 408
Miami, FL 3343
Tel:     305.230.4884
Fax:    305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

10

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com