UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20642-CIV-KING

ELEUTERIO A. BENJAMIN,
LUIS ALONSO, and
all others similarly situated,

       Plaintiffs,

vs.

VHU EXPRESS, INC.,
LISA D. BYTHEWOOD,
and CRAIG BYTHEWOOD,

       Defendants.
_____/

## ORDER GRANTING SANCTIONS, HOLDING DEFENDANTS IN CONTEMPT OF COURT, AND DIRECTING PLAINTIFF TO FILE FURTHER DECLARATIONS

**THIS CAUSE** comes before the Court upon Magistrate Judge Edwin G. Torres' October 21, 2016 Report and Recommendation (the "R&R") (DE 50). The R&R first recommends holding Defendants VHU Express Inc., Lisa D. Bythewood, and Craig Bythewood in contempt of Court for their violation of two court orders. Specifically, Defendants ignored (1) the July 14, 2016 Certification Order (DE 34) and (2) the September 15, 2016 Order Granting Plaintiff's Motion to Show Cause (DE 48), which directed Defendants to appear before the Court at an evidentiary hearing on the Plaintiffs' Motion for Contempt.

The R&R next recommends that default judgment be entered in the Plaintiffs' favor and directs the Plaintiffs to file a declaration of evidence for a determination of damages to be

1

included in the default judgment.

Notwithstanding that the Plaintiffs petition this Court to allocate damages as to twenty-three plaintiffs, the Plaintiffs only present adequate evidence of damages as to two plaintiffs: Euleterio A. Benjamin and Luis Alonso. As background, the two-count Complaint (DE 1) was served on February 23, 2016. There, Plaintiffs alleged that Benjamin and Alonso worked on an hourly basis for Defendants as local delivery drivers, and that Defendants were their employers as defined by the Fair Labor Standards Act (FLSA). DE 1, ¶¶ 1, 7, 12. Benjamin worked for Defendants from November 2015 to February 2016, and Alonso worked for Defendants from December 10, 2015 to February 3, 2016. *Id.*, ¶¶ 16-17. During that time, Plaintiffs allege that Defendants violated the minimum wage and overtime requirements of the FLSA by completely failing to pay Benjamin and Alonso for regular working hours and overtime. *Id.*, ¶¶ 30, 37. The Defendants failed to respond to the Complaint, and the Plaintiffs obtained a Clerk's Default (DE 18) on March 23, 2016. By virtue of defaulting, Defendants have admitted to all well-pled allegations of the Complaint.[1]

The Plaintiffs subsequently filed evidence pursuant to Judge Torres' September 15, 2016 Order directing Plaintiffs to file a declaration of evidence in support of an entry of default against Defendants. However, the Plaintiffs' Declaration only provides an affidavit of indebtedness by one plaintiff (Euleterio A. Benjamin), and fails to provide affidavits by the remaining plaintiffs.[2]

While the well-pled Complaint and affidavit of indebtedness sufficiently evince damages

---

[1] Notably, the additional twenty-one Plaintiffs claiming damages did not join this action until after the Complaint was filed.

[2] After the Clerk's entry of default, Defendants filed a *pro se* Answer (DE 22) on April 5, 2016, in which they simply acknowledged receipt of the Answer and failed to defend themselves against the allegations in the Complaint. Accordingly, for all intents and purposes the allegations in the Complaint are admitted by virtue of the Clerk's default.

2

as to Benjamin and Alonso, they fail to support the allocation of damages as to the remaining twenty-one Plaintiffs. Therefore, before default judgment can be entered, the Plaintiffs must furnish the Court with further declarations evincing damages as to each remaining Plaintiff.

Accordingly, after a thorough review of the record and consideration of the R&R, the Court concludes that the R&R is well reasoned and accurately states the law of the case. However, in light of the Plaintiffs' failure to furnish the Court with sufficient evidence of damages as to the twenty-one remaining Plaintiffs, the Court cannot grant default judgment at this time.

Accordingly, the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Magistrate Judge Edwin G. Torres' Report & Recommendation **(DE 50)** be, and the same is, hereby **PARTIALLY AFFIRMED** and **ADOPTED** as an Order of this Court.
2. Defendants VHU Express Inc., Lisa D. Bythewood, and Craig Bythewood are hereby held in **CONTEMPT OF COURT**.
3. Plaintiffs are **DIRECTED** to file further declarations evincing damages as to each Plaintiff, with the exception of Plaintiffs Euleterio A. Benjamin and Luis Alonso.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 16th day of November, 2016.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

3

cc: Magistrate Judge Edwin G. Torres
All Counsel of Record

**Craig Bythewood,** *Pro Se*
**5321 Primrose Lake Circle**
**Tampa, FL 33647**