UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20642-CV-KING/TORRES

ELEUTERIO BENJAMIN, and
all others similarly situated,

    Plaintiffs,

v.

VHU EXPRESS, INC., *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

This matter is before the Court on the Verified Motion for Attorney's Fees and Costs, filed by Plaintiffs on May 18, 2017. [D.E. 59].[1] Defendants failed to file a Response to the Motion, and the matter is now ripe for adjudication. Following a review of the Motion and the relevant authorities, we hereby **RECOMMEND** that Plaintiff's Motion be **GRANTED**.

### I.    FACTUAL BACKGROUND

Plaintiffs filed this lawsuit on February 23, 2016, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failing to abide by the statute's minimum wage and overtime provisions. Defendants wholly failed to participate in the proceedings, and on April 18, 2017, the Court entered Final

---

[1] The Honorable Judge James Lawrence King referred that Motion to the undersigned on May 19, 2017. [D.E. 60].

Judgment in favor of Plaintiffs. [D.E. 57]. The Court required Defendants to pay $370,297.15 in damages. *Id.*

Plaintiffs now move for an award of attorney's fees and costs pursuant to the FLSA's prevailing party provisions. *See* 29 U.S.C. § 216(b). Plaintiffs seek an award of $27,820.58, which is comprised of $26,205.50 in attorney's fees and $1,615.08 in costs. [D.E. 59].

## II.   ANALYSIS

In the United States, the "American Rule" provides that "absent a contrary direction from Congress, the prevailing party in a litigation is not ordinarily entitled to recover attorney's fees from his opponent." *Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1284 (S.D. Fla. 2008) (citing *Alyeska Pipeline Serv. Co. v. The Wilderness Society*, 421 U.S. 240, 247 (1975)). The FLSA, however, explicitly provides that a court "*shall*, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). Thus, in FLSA cases, fee awards are "mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). The Supreme Court has held that a party is considered the "prevailing party" for purposes of an attorney's fee award if the party "succeeded on any significant claim affording it some of the

relief sought." *Tex. State Teachers Assoc. v. Garland Indep. School District*, 489 U.S. 782, 791 (1989)).

Based on these authorities and the record submitted in support of the Motion, there can be no question that Plaintiffs are entitled to an award of attorney's fees. As an initial matter, Defendants failed to file a Response in Opposition to the Motion, which by itself allows the Court to grant Plaintiff's Motion under the Local Rules for the Southern District of Florida. *See* S.D. Fla. L.R. 7.1(c) ("Failure to [timely file a memorandum in opposition] may be deemed sufficient cause for granting the motion by default."). Additionally, Plaintiffs must be considered the prevailing parties, as Defendants defaulted and the Court entered Final Judgment in Plaintiffs' favor. [D.E. 57]; *see also Gooden v . Blanding*, 686 F. Supp. 896, 897 (S.D. Fla. 1988) (entering award of attorney's fees in case where defendant failed to participate and default judgment awarded).

We also find that the fees requested are reasonable. The Supreme Court has explained that, when determining what constitutes a "reasonable fee" under the FLSA's prevailing party provisions, a court should begin by examining "the number of hours reasonably expended by the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "This calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services," and such figures must be based on evidence submitted by the moving party supporting the hours worked and the rates claimed. *Id*. The resulting figure is known as the "lodestar," and this number may be enhanced or reduced depending on the

circumstances presented in each case. *Pennsylvania v. Delaware Valley Citizens' Council II*, 483 U.S. 711, 745 (1987).

We have carefully reviewed the Motion and the accompanying exhibits attached to same, and find that the rates requested by counsel – $395.00 per hour for Plaintiffs' attorney, Brian Pollock, and $135.00 per hour for Ms. Cynthia Acuna, the paralegal assisting on the matter – to be reasonable. *See Araujo v. C.R.C. Care Rental, Inc.*, 2017 WL 3382315, *1 (S.D. Fla. Aug. 4, 2017 (finding rates of $395.00 and $135 charged for work performed by Mr. Pollock and Ms. Acuna, respectively, to be reasonable and granting motion for attorney's fees); *Leon v. Atlass Sys. Inc.*, 2016 WL 1692107, *3 (S.D. Fla. Apr. 19, 2016) (awarding fees in the amount of $375.00 to Mr. Pollock and $135.00 to Ms. Acuna); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007) (finding $450 was a reasonable hourly rate for attorneys who had over 10 and 25 years of experience, respectively, in the practice of labor and employment law). We also find that the number of hours spent working on the case is reasonable and supported by record evidence submitted in support of Plaintiffs' Motion, and that no reduction of the resulting lodestar is necessary in light of the circumstances.

### III.   CONCLUSION

For the foregoing reasons, we hereby **RECOMMEND** that the Verified Motion for Attorney's Fees and Costs should be **GRANTED**, and Plaintiffs should be awarded $27,820.58 pursuant to 18 U.S.C. § 216(b). Pursuant to S.D.Fla.Mag.J.R.4(b), the parties have fourteen days (14) from the date of this Report

and Recommendation to serve and file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of any finding in this Report and Recommendation and bar the parties from attacking on appeal the findings contained herein, including the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger,* 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 8th day of August, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge